UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| WILLIAM CALDWELL, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-CV-502 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| DAVE J. BURNETT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate total exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

### Discussion

I.    Factual allegations

Plaintiff is presently incarcerated at the Ionia Maximum Correctional Facility. He complains of actions taken while he was incarcerated at the Bellamy Creek Correctional Facility. In his *pro se* complaint, he sues prison officials Dave Burnett, Dan McGuire, Robbin Bell, Kenneth T. McKee, D. Emlinger, and Mike Walczak. Plaintiff claims that the Defendants denied his request

for a kosher diet in violation of his First Amendment rights. He also claims that the interview to determine whether he was eligible for a kosher diet was unfair and in violation of his due process rights, and that the Defendants violated the Eighth Amendment by their deliberate indifference to his First Amendment Rights. For relief, Plaintiff requests punitive damages and an injunction ordering Defendants to provide him with a kosher diet.

Plaintiff filed a Step I grievance on April 25, 2005, naming Dan McGuire and Robbin Bell, and claiming that McGuire and Bell wrongfully refused to accept Plaintiff's written statement and insisted on an oral interview. The grievance was identified as number IBC 05 4 1652 20Z. On April 28, 2005, D. Emlinger rejected the grievance, finding there had been no policy violation. Plaintiff filed a Step II grievance which Ken McKee responded to on May 16, 2005, finding that the Step I response was adequate. Plaintiff states that he did not receive a response to his Step III grievance as to number IBC 05 4 1652 20Z despite the fact that the 90-day period for resolving grievances had elapsed.

On May 17, 2005, Plaintiff submitted a Step I grievance naming Dave Burnett, Dan McGuire, Robin Bell, and Kenneth McKee. He claimed that these individuals discriminated against him because of race and religious beliefs by denying him a kosher diet. This grievance was identified as number IBC 05 5 1923 20E. On May 19, 2005, M. Walczak responded that there was no policy or operating procedure violation. Plaintiff filed a Step II grievance which Ken McKee responded to, affirming the response at the Step I level. Plaintiff states that he did not receive a response to his Step III grievance as to number IBC 05 5 1923 20E despite the fact that the 90-day period for resolving grievances had elapsed.

## II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claim of the deprivation of a right to exercise his religious practices is the type of claim that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a).

- 3 -

OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03). The exhaustion requirement applies to claims concerning "prison conditions." 42 U.S.C. § 1997e(a). The Sixth Circuit has held that the scope of this requirement is determined by the definition of a "civil action with respect to prison conditions" as set forth in 18 U.S.C. § 3626(g)(2). *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). That statute provides that "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison. 18 U.S.C. § 3626(g)(2).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Plaintiff named defendants Maguire and Bell in both grievances, and defendants Burnett and McKee in his second grievance. Significantly, he did not name defendants Emlinger or Walczak in either grievance. Accordingly, Plaintiff has not totally exhausted his administrative remedies. The Sixth Circuit recently held in *Jones-Bey v. Johnson*, 407 F. 3d 801 (6th Cir. 2005), that the PLRA requires a "complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Id.* at 805.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Moreover, a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F. 3d 641, 645 (6th Cir. 1999). The

administrative process must be complete before the prisoner files an action in federal court. *Id.* Dismissal of an action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: August 17, 2005              /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE